NOT FOR PUBLICATION                                  (Doc. Nos. 1, 2, 3, 4, 6)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
JOSE RODRIGUEZ,                           :
                                          :
            Petitioner,                   :    Civil No. 10-cv-0949 (RBK)
                                          :
       v.                                 :    **OPINION**
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
            Respondent.                   :
_____    :

**KUGLER**, United States District Judge:

This matter arises out of a conspiracy to possess and distribute heroin and crack cocaine. Presently before the Court are Petitioner Jose Rodriguez's motions to: (1) vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 1, 6); (2) appoint pro bono counsel (Doc. No. 2); (3) request documents and trial transcripts (Doc. No. 4); and (4) preserve the right to submit additional grounds for relief (Doc. No. 3). For the following reasons Petitioner's motions are **DENIED**.

I.    BACKGROUND

Rodriguez was indicted on February 22, 2005 by a federal grand jury for conspiracy to possess and distribute more than one kilogram of heroin and more than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. The indictment alleged that from 1998 through 2002, a gang called the "Perez Organization" distributed drugs throughout Camden, New Jersey. The indictment alleged that Rodriguez was responsible for processing drugs into individual bags for street sale. Rodriguez's co-conspirators, Enrique

1

"Ricky" Perez, Bernard "B-Nice" Murray, Allen "Tito Allen" Resto, and Lorenzo "Fu Quan" Hardwick were also involved in violent activities related to the conspiracy.

On June 6, 2005 the jury found Rodriguez guilty of conspiracy to distribute, and possess with intent to distribute, more than one kilogram of heroin and more than fifty grams of crack cocaine. This Court sentenced Rodriguez to a 360-month term of incarceration. Rodriguez appealed, arguing that the Court improperly denied his motions for severance and a separate trial, and requested resentencing. U.S. v. Hardwick, 544 F.3d 565, 577 n.1 (3d Cir. 2008), cert. denied, 129 S. Ct. 1371 (2009). The Third Circuit rejected each of Rodriguez's challenges and affirmed his conviction and sentence. See id. at 574.

On February 23, 2010, Rodriguez filed a motion pro se to vacate his sentence under 28 U.S.C. § 2255. In that motion, Rodriguez argued that the Court erred by denying his motion for severance, improperly applied the sentencing guidelines, and failed to give a proper jury instruction. Rodriguez also alleged ineffective assistance of counsel. Specifically, Rodriguez alleged that his attorney: (1) failed to properly argue for severance; (2) failed to request a jury instruction that a defendant cannot conspire with a government agent; and (3) failed to submit a specific statement made by a government informant's girlfriend that contradicted the informant's testimony at trial.

In another motion, Rodriguez requests pro bono counsel and additional court documents and records to aid him in preparing his § 2255 petition. Finally, Rodriguez moves to preserve the ability to supplement his § 2255 motion with additional documentation.

**II.    STANDARD**

A prisoner in federal custody may file a motion in federal court challenging the validity of his sentence under 28 U.S.C. § 2255. Morelli v. United States, 285 F. Supp. 2d 454, 458

(D.N.J. 2003). 28 U.S.C. § 2255 provides that a petitioner may move to vacate, set aside or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To establish a right to habeas corpus relief, a petitioner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. See e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir.1989); Morelli, 285 F.Supp.2d at 458-59 (citations omitted).

### III.  DISCUSSION

#### A. Petitioner's Challenge to the Jury Charge

Rodriguez asserts the Court erred in instructing the jury. Particularly, Rodriguez argues that the Court erroneously failed to give an instruction that a defendant cannot conspire with Government agents and informants.[1] The Government argues that because Rodriguez did not challenge the jury instructions on direct appeal, he cannot raise the issue in a § 2255 motion. The Court agrees.

Under the procedural default rule, claims which could have been raised on direct appeal, but which a defendant chose not to raise, may not be raised on collateral review in a § 2255 motion. See United States v. Frady, 456 U.S. 152, 162-63 (1982). The procedural default rule protects "society's legitimate interest in the finality of the judgment [that] has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." Id. at 164. To overcome procedural default, the petitioner must prove cause and

---

[1] Rodriguez claims that because some of his coconspirators became government informants, and other government agents testified about the conspiracy, "the outcome would have resulted in a balance [sic] one or probably an acquittal if instructions were given." (Supplemental Pet. to Vacate, Set Aside or Correct Sentence at 12).

3

prejudice. Massaro v. United States, 538 U.S. 500, 504 (2003). Cause must be something objective and external to the petitioner which cannot be attributed to him. Murray v. Carrier, 477 U.S. 478, 488 (1986). An attorney's failure to appeal does not constitute "cause" unless the attorney's performance amounted to constitutionally ineffective assistance of counsel. Id. The petitioner must also prove prejudice by "showing, not merely that the error at his trial created a possibility of prejudice," but that the error "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original). The defendant bears the burden of proof, and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166.

Here, Rodriguez had the opportunity to appeal directly to the Third Circuit and argue that the lack of a particular jury instruction was clear error, but he did not do so. See id. at 163. Rodriguez offers no reason why he did not directly appeal the issue. Because Rodriguez fails to prove either cause or prejudice, he is procedurally barred from raising the issue on collateral review in this § 2255 petition.

**B. Severance**

Rodriguez asserts that the Court erred by not severing his trial from that of his codefendants. Before trial, the Court denied Rodriguez's motion for severance. Rodriguez appealed the issue to the Third Circuit. The Third Circuit found Rodriguez's argument meritless. See Hardwick, 544 F.3d at 577 n.1. Now, Rodriguez argues that the Court failed to consider how the trial of his codefendants would cause a "spillover" effect at his trial.[2]

---

[2] Spillover theory is "[t]he principle that a severance must be granted only when a defendant can show that a trial with a codefendant would substantially prejudice the defendant's case, as when the jury might wrongly use evidence against the defendant." Black's Law Dictionary 1400 (9th ed. 2009). Rodriguez claims the following as sources of spillover: (1) testimony about murders committed by his codefendants; (2) evidence of weapons his codefendants possessed; (3) testimony of violent-crimes experts regarding the Perez Organization; (4) evidence of violent crimes committed by his codefendants; (5) the indictment that alleged violent crimes on the part of his codefendants; (6) the prosecutorial misconduct in the trial of his codefendants; (7) the admission of hearsay statements; and (8) the

Generally, a petitioner cannot employ § 2255 to relitigate questions which were raised and considered on direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986)); see also United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled . . . that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("issues [that] have been previously decided . . . will not be allowed to recast, under the guise of collateral attack.").

Rodriguez appealed the severance issue to the Third Circuit. See Hardwick, 544 F.3d at 577 n.1. The Third Circuit found that the argument had no merit. Id. at 574. For the Court to entertain this issue again would be to relitigate a question already decided on direct appeal. Thus, the Court will not review the issue on a § 2255 motion.

### C. Rodriguez's Sentence

After his original trial, Rodriguez moved to reduce his sentence. This Court denied Rodriguez's motion. Thereafter, Rodriguez raised the issue on direct appeal, and the Third Circuit affirmed his sentence. See id. at 577 n.1. Now, Rodriguez argues that his sentence was excessive.[3] However, as previously stated, a § 2255 petition is not a forum to relitigate issues already decided on direct appeal. DeRewal, 10 F.3d at 105 n.4. Therefore, because the Third

---

admission of a codefendant's proffer agreement with the Government. (See Supplemental Pet. to Vacate, Set Aside or Correct Sentence at 2-10).

[3] Rodriguez argues that the Court committed various sentencing errors. Particularly, Rodriguez argues that the Court violated the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), by conducting improper fact finding in calculating his base offense level. Not only has this issue been addressed on appeal, it is meritless as Rodriguez's sentence falls within the appropriate sentencing guideline. See, e.g., United States v. Dillon, 572 F.3d 146, 147 (3d Cir. 2009) (finding pursuant to Booker, a sentencing court must calculate defendant's Sentencing Guidelines range, but may only use that range as starting point for determining reasonable sentence based on individualized assessment of statutory sentencing factors); United States v. Jarrett, 334 F. Supp. 2d 810, 821 (W.D. Pa. 2004) (finding trial judge's factual determination effecting calculation of defendant's base sentencing level did not deprive defendant of Sixth Amendment right to trial by jury because sentence did not exceed traditional statutory maximum and was within sentencing guidelines).

Circuit already rejected Rodriguez's sentencing argument on direct appeal, the Court will not consider the issue on collateral review.

### D. Ineffective Assistance of Counsel

Rodriguez argues that the Court should vacate his conviction due to ineffective assistance of counsel. Specifically, Rodriguez asserts that his attorney failed to: (1) properly argue for severance; (2) request a jury instruction that a defendant cannot conspire with a government agent; and (3) submit a specific statement made by an informant's girlfriend that contradicted the informant's testimony at trial.

To prevail on a claim of ineffective assistance of counsel, a party must establish (1) that counsel's performance was deficient and (2) prejudice caused by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Only the most serious errors, those which deprive a defendant of his Sixth Amendment right to counsel, constitute deficient performance. Id. (describing errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment").

The first Strickland prong is an objective standard of "reasonableness under prevailing professional norms." Id. at 688. The Constitution guarantees each defendant a fair trial, not some higher quality of legal representation. See id. at 688-89 ("[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation."). Thus, the standard is "highly deferential" and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second Strickland prong is a subjective, totality-of-the-circumstances analysis of whether counsel's conduct "actually had an adverse effect on the defense." Id. at 693. A

speculative or hypothetical effect is not enough. Id. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Prejudice exists only when the defendant is denied a fair trial capable of producing a reliable result. Id.

Failure to satisfy either prong defeats an ineffective assistance of counsel claim. United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

### 1. Severance

Rodriguez contends that counsel erred by failing to argue that the Court should sever his trial from that of his codefendants. Specifically, Rodriguez asserts that his attorney did not argue that evidence of violent crime presented by the prosecution against his codefendants would impact the jury's assessment of his culpability. Also, Rodriguez argues that his attorney should have requested a rehearing en banc from the Third Circuit when his motion to sever was rejected by the Third Circuit.

Generally, it is preferable for codefendants indicted together to be tried jointly because it promotes efficiency and serves the interests of justice by facilitating consistent verdicts. United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005). A court may order severance if a defendant may be prejudiced by joinder of offenses. Fed. R. Crim. P. 14(a). The decision to sever is placed within the discretion of the trial court. See, e.g., United States v. Hudgins, 338 F. Appx. 150, 152 (3d Cir. 2009). A defendant is not entitled to severance merely because the evidence against his codefendants is more damaging than the evidence against him, or because not all evidence at trial will be germane to all counts against the defendant. United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991); United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)

("[P]rovided that the conspiracy charge is put forward in good faith, the combination of a conspiracy count with counts charging acts in furtherance of the conspiracy will survive attack under Rule 8(b).").

Furthermore, evidence of acts committed by one member of a conspiracy in furtherance of that conspiracy is admissible against all other defendants charged as members of the same conspiracy, even in separate trials. See Fed. R. Evid. 801(d)(2)(E) (defining statements by defendant's coconspirator during course and in furtherance of conspiracy as admissible nonhearsay); United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001) ("acts committed by one [conspirator] in furtherance of the conspiracy [are] admissible against the other."); United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998) ("Since any evidentiary spillover is vitiated where the evidence in all events would have been admissible against the movant, in the context of conspiracy, severance will rarely, if ever, be required.") (internal quotation omitted).

Rodriguez's assertion that counsel failed to properly argue for severance is unavailing because even if Rodriguez's counsel did not properly argue for severance, there was no prejudice to Rodriguez. The prosecution presented a variety of evidence at trial, including witness testimony, photographs, and recorded conversations, all of which was admissible and revealed Rodriguez's role in the conspiracy. The prosecution would have presented the evidence that Rodriguez claims is prejudicial even if Rodriguez had a separate trial because he actually participated in the conspiracy.[4] Thus, Rodriguez has not established, as required under

---

[4] Furthermore, as a safeguard to Rodriguez's right to a fair trial, this Court had a continuous duty at all stages of the trial to grant severance if it found that a joint trial was prejudicing Rodriguez. See Somers, 496 F.2d at 730. The Court did not find occasion to do so. The Third Circuit found no error on direct appeal. See Hardwick, 544 F.3d at 574.

Strickland, a reasonable probability that his trial would have come out differently even if his trial had been severed.[5]

### 2. Jury Instruction

Rodriguez also asserts that his attorney erred by failing to request a jury instruction that a defendant cannot conspire with government agents.

On habeas review, the relevant question is whether the mistake in instruction on its own infected the entire trial such that the conviction violated due process. Jacobs v. Horn, 395 F.3d 92, 111 (3d Cir. 2005). Instructions are to be viewed in the context of the overall charge to the jury, not in isolation. Martin v. Warden, Huntingdon State Corr. Inst., 653 F.2d 799, 809 (3d Cir. 1981).

Here, the attorney's decision not to request an instruction that defendants cannot conspire with government agents did not prejudice Rodriguez for two reasons. First, the record reflects Rodriguez carried out conspiratorial activities. There must be at least two actors conspiring together, neither of whom are government agents or informers, to establish a conspiracy. United States v. Ellege, 723 F.2d 864, 865 (11th Cir. 1984). Rodriguez was convicted of conspiring with persons who were not government agents or informants, including Perez, Murray, and others. Although some of Rodriguez's coconspirators became government informers, the prosecution presented evidence at trial that Rodriguez conspired with them before they became informants, and evidence that Rodriguez conspired with individuals who were not government

---

[5] Rodriguez also argues his counsel was ineffective because she did not request a rehearing en banc after the Third Circuit affirmed this Court's decision not to sever his trial. But, as discussed above, Rodriguez's argument for severance was meritless under settled law. Counsel was under no obligation to request rehearing. See United States v. Coney, 120 F.3d 26, 28 (3d Cir. 1997) ("[C]ounsel, having appropriately briefed and argued an appeal, is not under an obligation to file a petition for rehearing or rehearing en banc."). Therefore, counsel's decision not to request a rehearing en banc was not prejudicial to Rodriguez, and his ineffective assistance of counsel claim fails.

informants. Thus, Rodriguez would have been convicted of conspiracy notwithstanding the allegedly erroneous instruction.

Second, the Court gave other instructions to the jury so that the trial was not infected by a mistake. The Court instructed the jury to critically weigh all witness testimony including the testimony of government informants and agents. The Court also instructed the jury that a conspiracy may only exist between two individuals who directly or indirectly reach an agreement to knowingly and intentionally distribute or possess with intent to distribute heroin or cocaine. The jury found that Rodriguez met those criteria. Thus, the absence of Rodriguez's proposed instruction did not infect the trial and result in a conviction that violated Rodriguez's right to due process. Rather, Rodriguez has failed to establish a reasonable probability that but for counsel's error the outcome of the trial would have been different. Therefore, Rodriguez's second claim for ineffective counsel is meritless.

### 3. Submission of Statement at Trial

Finally, Rodriguez claims that his counsel was ineffective because she ignored his request to submit a statement of an informant's girlfriend that contradicted the informant's testimony at trial. This claim is meritless because it fails the first prong of Strickland.

Generally, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. "To overcome the Strickland presumption that, under the circumstances, a challenged action might be considered sound trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel; or (2) that the actions could never be considered part of a sound strategy." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005). A decision to call or not to call witnesses or to omit a specific statement from the record is

10

generally within the discretion of the attorney as trial strategy.  See Henderson v. DiGugliemlo, 138 F. App'x 463, 470 (3d Cir. 2005) (finding trial counsel's failure to call four witnesses not ineffective assistance because it was part of defense strategy to prove theory of case and not open to second guess); La Frank v. Rowley, 340 F.3d 685 (8th Cir. 2003) (finding counsel's failure to call witness not ineffective assistance because it was part of trial strategy).

Here, counsel's choice to not submit the statement from the informant's girlfriend was a matter of trial strategy.  Counsel advised Rodriguez not to submit the statement of the informant's girlfriend because she felt the informant's testimony was on its own "not credible and contradictory."  (Supplemental Pet. to Vacate, Set Aside or Correct Sentence, at 16). Rodriguez does not argue that counsel was motivated by some factor other than trial strategy in deciding not to submit the statement.  Nor has Rodriguez alleged that counsel's decision could never be considered part of a sound trial strategy.  Instead, Rodriguez simply disagrees with counsel's judgment.  Under Strickland, this is the type of decision linked to trial strategy that is unchallengeable.  Therefore, Rodriguez has not shown cause for ineffective assistance of counsel.

### E.  Rodriguez's Motions for Counsel, Transcripts, and Additional Amendments

Rodriguez has presented three other motions to the Court related to his § 2255 petition. Because his underlying § 2255 motion is without merit, these other motions are denied as well. The Court will address each in turn.

#### 1.  Pro Bono Counsel

Petitioners in § 2255 collateral attacks have no constitutional right to counsel.  See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Prows, 448 F.3d 1223, 1229 (10th Cir.

2006) ("Indeed, there is no right to counsel in collateral proceedings, and as such, a pro se petition suffices in this context.") (internal citation omitted). Because the Court denied Rodriguez's § 2255 motion, appointment of pro bono counsel is unnecessary.

### 2. Free Transcripts and Other Documents

The Court may in its discretion furnish a petitioner in a § 2255 proceeding with transcripts if the Court certifies that the suit is not frivolous and the transcript is necessary to decide the issue presented. 28 U.S.C. §753(f). A petitioner does not have a constitutional right to transcripts. See United States v. MacCollum, 426 U.S. 317, 323 (1976) (holding that right to free transcript is not a necessary concomitant of writ of habeas corpus). Further, a petitioner can "receive transcripts at public expense only if they are proceeding in forma pauperis." Walker v. People Express Airlines, Inc., 886 F.2d 598, 600 (3d Cir. 1989). Thus, the petition "must be accompanied by an affidavit bearing particularized information with regard to the party's financial status." Id. at 602 n.5.

Here, the Court does not need to provide Rodriguez with pretrial and trial transcripts to aid him in his § 2255 petition because his petition is meritless.[6] Moreover, Rodriguez did not provide the Court with an affidavit regarding his financial status to proceed in forma pauperis. Therefore, Rodriguez's request for free transcripts and other documents is denied.

### 3. The Right to Submit Additional Grounds in Support of Rodriguez's Petition

A second or successive § 2255 motion must be certified by a three judge panel of the appropriate court of appeals before it can be considered by a district court. 28 U.S.C. § 2255(h).

---

[6] Also, in his motion to request documents, Petitioner relates he had copies of the transcripts requested, but gave them to a paralegal research firm for which he paid $1,000, and never received the transcripts back. (Pet. Mot. to Req. Docs. in R. of Proceeding at 1).

12

Therefore, this Court cannot grant a motion allowing Rodriguez to file successive § 2255 motions.

Moreover, Rodriguez has already supplemented his initial § 2255 motion.[7] This Court already reviewed and rejected Rodriguez's § 2255 petition, and no further amendment is necessary.

IV.    **CONCLUSION**

In sum, Rodriguez's § 2255 petition to vacate, set aside, or correct his sentence, as well as his other related motions are **DENIED**.  An appropriate Order shall follow.

Date:  8/1/2011                                     /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge

---

[7] Rodriguez filed his original petition to vacate under § 2255 on February 23, 2010 (Doc. No. 1). He then filed a "motion to preserve the right to submit additional grounds for relief" on March 1, 2010 (Doc. No. 3). Rodriguez stated that he was waiting for a paralegal research company that he had paid to research his claims to provide him with legal research. He filed a supplemental petition to vacate under § 2255 on April 12, 2010 (Doc. No. 6).